Mr. Justice- Thacher,
delivered the opinion of the court.
This was error to the circuit court of Lawrence county. The action was instituted to recover damages for an alleged assault and battery. The defendant below plead the general issue of not guilty, and the plea of son assault demesne.
The error assigned which chiefly attracts our notice, is, that the court refused to permit a justice of the peace, called as a witness, before whom an examination of the case had taken place, to state what a certain other witness had testified, on that examination. The circumstances were these: The witness had given his testimony upon the trial of the case, now at bar, and it was offered to attack his credibility, a foundation for which, had been laid-in the evidence, by showing that he had testified to a different effect, before the justice of the peace, upon a preliminary examination of the circumstances of the same case. It appeared that the magistrate had committed to wri *59 ting, the testimony of the witness upon that examination, and sent it up to the circuit court of the county, where it had been lost.
The statute requires a justice of the peace to take the testimony of witnesses in a trial before him, in writing, but it does not require him to send it up to the circuit court of his county, nor to preserve it of record in his office. Upon sufficient proof of its loss, oral proof of the pontents of the deposition is properly admissible, it being but in the nature of the justice’s own memorandum of the evidence. The substance of what the witness deposed before the justice, must have been the contents of the paper, proved in this case, to have been lost. In this view, the testimony was erroneously excluded. 1 Stark. Ev. 340. The evidence being legitimate, this court is not prepared to say but that its influence upon the minds of the jury, might have been very essential to the -rights of the defendant in this case.
The judgment of the court below, is therefore reversed, and a new trial must be awarded.